## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN MICHIGAN

STACEY PANTOJA,

      Plaintiff,                            Case No.

v.                                      Hon.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

      Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT

NOW COMES, Plaintiff, Stacey Pantoja, by and through her attorney's Scott

P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant

states as follows:

      1.      That Plaintiff is a resident of the City of Greenville, County of Kent

and State of Michigan.

2.     Defendant, Michigan Department of Corrections (hereinafter "MDOC") is a governmental entity whose registered mailing address is Grandview Plaza, 206 E. Michigan Avenue, P.O. Box 30003, Lansing, MI 48909 and who is duly authorized to operate correctional facilities throughout the State of Michigan including Ionia County.

3.     The events giving rise to this cause of action occurred in the Western District of Michigan.

4.     Jurisdiction and venue are proper in the District Court for the Western District of Michigan pursuant to 28 USC §1391(b) and (c) and this Honorable Court has pendant jurisdiction over Plaintiff's state law claims under 28 USC §1367.

5.     The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in Ionia County.

6.     Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting violations of Sexual Harassment under Title VII and ELCRA, and retaliation which resulted in economic damages to the Plaintiff.

7.     Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting adverse employment action and wrongful termination which resulted in emotional and economic damages to the Plaintiff in violation of the Civil Rights Act of 1964 (Title VII), Michigan Elliott-Larrsen Civil Rights Act MCLA §37.1101, *et seq.* ("ELCRA"), Americans with Disabilities Civil

Rights Act ("ADA"), Michigan Person with Disabilities Civil Rights Act, MCLA §37.2101, *et seq*., ("PWDCRA"),  and Retaliation.

## **GENERAL ALLEGATIONS**

7.     Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8.     Plaintiff, Stacey Pantoja began her employment with Defendant, MDOC in July 2019 and was most recently employed as a Correctional Officer at the Michigan Reformatory.

9.     On or around October 2019, Officer Lopez approached Plaintiff and said "I am the true Mexican" and said "You are a piece of sh*t" to Plaintiff.

10.     In or around October 2019, Plaintiff filed a grievance for discrimination for Officer Lopez's acts towards her.

11.     In or around January 2020, Plaintiff received an exceptional work performance evaluation meeting all expectations.

12.     On or around December 2020, Plaintiff injured her back at work due to moving inmate foot lockers over 120 pounds.

13.     On or around December 2020, Plaintiff was told that if she filed an injury report she would be fired.

14.     On April 23, 2020, Plaintiff received a letter to her home stating that there were no acts of discrimination found in her Complaint against Officer Lopez.

3

15.    On May 8, 2020, Plaintiff was put under investigation for "work rule violations" with no further information given.

16.    In November 2020 Plaintiff was assaulted by an inmate who threw an unknown chemical at her.

17.    On February 14, 2021 Plaintiff took stress leave from an inmate assault of sexual harassment.

18.    On March 12, 2021, Plaintiff filed a complaint with MIOSHA for inmate assault and bloodborne pathogens not being addressed.

19.    On or about April 8, 2021 Plaintiff complained that she was being harassed and discriminated against due to her gender and back injury.

20.    In September, 2021 Plaintiff was involved in an incident with a co-worker, Myrkel Yore for intimidating her and bullying her.

21.    In September 2021, Plaintiff filed a complaint against another female officer, Yore for harassment and hostile work environment for retaliation and co-workers wrote false statements that Plaintiff threatened someone.

22.    In October, 2021 co-worker Yore attempted to instigate a physical altercation with Plaintiff.

23.    On or around December 14, 2021, Plaintiff had breast reduction surgery to decrease her back pain in her L4-5 disc.

4

24.     Plaintiff returned to work on restrictions from her doctor of no lifting over 10 pounds and no bending.

25.     In January, 2022 Defendant, MDOC approved Plaintiff's restrictions.

26.     Despite approving Plaintiff's restrictions, Defendant and Plaintiff's supervisors continued to demand she before functions outside of her restrictions.

27.     If Plaintiff complained or tried to remind Defendant and her supervisors of her restrictions she would be threatened and told "you'll do whatever we tell you or you'll be fired."

28.     While performing duties outside of her restrictions, a stitch broke in Plaintiff's breast.

29.     As a result of Plaintiff doing work outside of her restrictions, she suffered a hematoma in her breast and her breast became swollen.

30.     Plaintiff filed a worker's compensation claim for the injury to her breast which was denied when Defendant falsely accused her of injuring herself by falling out of a chair.

31.     Plaintiff notified Sargent Kerr that she could not do active post until she was off her medical restrictions.

32.     On March 4, 2022 Plaintiff was told by inmates that other inmates were being solicited by Plaintiff's co-workers because she made complaints directly to Defendant without going through the union.

5

33.     On March 5, 2022, Plaintiff went on stress leave for fear of her safety at work.

34.     As a result of the harassment and discrimination Plaintiff received due to her sex and complaints of harassment she was diagnosed with Post Traumatic Stress Disorder ("PTSD").

35.     In May, 2022 Plaintiff requested an accommodation to work from home due to her PTSD.

36.     On or about June 8, 2022 Plaintiff accommodation was approved until September 2022.

37.     In August 2022 Plaintiff was suspended for 15 days in retaliation of her complaints of discrimination and harassment.

38.     On or about August 29, 2022 Plaintiff filed a request for accommodation to continue to work from home due to PTSD.

39.     On September 15, 2022 Plaintiff was terminated due to her disability and complaints of sex discrimination and harassment.

40.     Plaintiff filed with the Equal Employment Opportunity Commission on February 15, 2023.

41.     Plaintiff was issued a Right to Sue Letter from the Equal Employment Opportunity Commission on March 8, 2023.

## <u>COUNT I</u>
## <u>HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT</u>

## UNDER TITLE VII AND ELCRA

42.     Plaintiff incorporates by reference paragraphs 1 through 32 of the Complaint as though fully set forth herein.

43.   Plaintiff belongs to a protected class as a female.

44.     Plaintiff was subjected to communications and conduct on the basis of sex and gender.

45.     The unwelcome sexual conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment due to her sex.

46.     Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, et seq., and Title VII, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment and/or hostile work environment by her employer and/or supervisors based upon her gender and/or sex.

47.     At all material times, Defendant was Plaintiff's employer, and Plaintiff was Defendant's employee, within the meaning of Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, *et seq.* and Title VII.

48.     Plaintiff was subjected to repeat and continuous discriminatory treatment based upon her gender and/or sex by Defendant through its agents, employees and/or representatives to the point where her status as an employee has been detrimentally affected and her ability to function within her job has been

7

hindered.

49.    The conduct by agent(s) and/or employee(s) of Defendants was severe and pervasive conduct.

50.    Defendants' actions were intentional and in disregard for Plaintiff's rights and sensibilities.

51.    As a direct and proximate result of the unlawful actions of the Defendant and their employees, agents and/or representatives, Plaintiff was the subject of discriminatory conduct on the part of Defendants.

52.    As a proximate result of the discriminatory conduct by Schenck Defendants' failure to take remedial action against the intimidation, harassment and discriminatory conduct, Plaintiff has sustained injuries including, but not limited to:

a.    Lost wages;

b.    Mental anguish;

c.    Fright and shock;

d.    Outrage;

e.    Anxiety;

f.    Depression;

g.    Emotional distress;

h.    Loss of self-esteem;

i.    Loss of earnings and other employment benefits; and

8

j.      Loss of capacity for the enjoyment of life.

53.     Defendant is vicariously liable for acts committed by its managers, employees, and supervisors.

54.     Defendant engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATIONS OF AMERICANS WITH DISABILITIES ACT OF 1990 AND THE MICHIGAN PERSONS WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ.*

55.     Plaintiff incorporates by reference paragraphs 1 through 54 of the Complaint as though fully set forth herein.

56.     At all times relevant Plaintiff suffered from injuries to her lumbar spine and PTSD which substantially interfered with major life activities including walking, standing, bending, talking, communicating and are disabilities under the ADA and  PWDCRA.

57.    Plaintiff suffered from suffered from injuries to her lumbar spine and PTSD, and Defendant perceived and regarded Plaintiff as a person with a disability which substantially limited and interfered with her ability to breath, walk or talk.

58.    Plaintiff requested a reasonable accommodation of working from home due to her PTSD which was caused by the harassment at work.

59.    Plaintiff was able to perform the essential functions of her job without the reasonable accommodations.

60.    Defendant initially accommodated Plaintiff, but then refused to extend Plaintiff accommodation and terminated Plaintiff in violation of the ADA and PWDCRA.

61.    Pursuant to the ADA and PWDCRA Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

62.    Plaintiff's disabilities were factors in Defendant's employment decisions, including, her termination.

63.    Defendant is an employer within the meaning of the ADA and PWDCRA.

64.    Plaintiff has been subjected to discriminatory and retaliatory treatment based upon her disabilities, her perceived or regarded disabilities, and her requests

for accommodations, by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected.

65.   Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

66.   Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    i.   Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for her disability; and

    ii.   Violating the laws against discrimination by suspending Plaintiff based exclusively upon her disability.

67.   Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

    i.   Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    ii.   Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over disabled employees;

    iii.   Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    iv.   Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

68.    As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

69.    Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## RETALIATION

70.    Plaintiff incorporates by reference paragraphs 1 through 69 of the Complaint as though fully set forth herein.

71.    Pursuant to Title VII, the Americans with Disabilities Act of 1990, the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*., and the Michigan Persons With Disabilities Act, MCLA §37.1101, *et seq*., Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon sex and her gender and her disabilities.

12

72.     Plaintiff's sex and disabilities were a factor in Defendant's employment decisions.

73.     During the course of her employment with Defendants, Plaintiff was subjected to unwelcome sexual harassment and discrimination based on her disabilities.

74.     The sexual harassment created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

75.     Plaintiff engaged in protected activities and filed complaints for violations of the statutes.

76.     Defendants had actual and constructive notice that they were creating an intimidating, hostile and offensive work environment for Plaintiff.

77.     Despite having notice of the sexual harassment of Plaintiff, Defendant failed to take any remedial action, but instead took adverse employment action against Plaintiff in retaliation for her complaints of sexual harassment and because of her disabilities.

78.     In retaliation for Plaintiff engaging in protected activities Defendant retaliated against her and terminated her employment.

79.     Plaintiff is entitled to exemplary, compensatory, and punitive damages pursuant to Title VII, and the Michigan Elliott-Larsen Civil Rights Act, MCLA

§37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney's fees.

80.    As a proximate result of the Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

BY: /s/Scott P. Batey
      SCOTT P. BATEY (P54711)
      Attorney for Plaintiff
      30200 Telegraph Road, Suite 400
      Bingham Farms, MI  48025
      (248) 540-6800
      sbatey@bateylaw.com

Dated: May 31, 2023

14

## <u>DEMAND FOR JURY TRIAL</u>

NOW COMES, Plaintiff, Stacey Pantoja, by and through her attorney's, Scott

P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all

issues allowed by law.

               Respectfully submitted,

               **BATEY LAW FIRM, PLLC**

            By:  /s/ Scott P. Batey
               SCOTT P. BATEY (P54711)
               Attorney for Plaintiff
               30200 Telegraph Road, Suite 400
               Bingham Farms, Michigan 48025
               (248) 540-6800
               sbatey@bateylaw.com

Dated:  May 31, 2023