UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY PANTOJA,

    Plaintiff,                                    Hon. Paul L. Maloney

v.                                                  Case No. 1:23-cv-563

MICHIGAN DEPARTMENT
OF CORRECTIONS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Partial Motion to Dismiss. (ECF No. 12). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted in part and denied in part.

## BACKGROUND

Plaintiff asserts this action against the Michigan Department of Corrections (MDOC). In her amended complaint (ECF No. 10) Plaintiff alleges the following.

In July 2019, Plaintiff began working for the MDOC as a Corrections Officer. In or around October 2019, Officer Lopez approached Plaintiff and stated, "I am the true Mexican" and "you are a piece of sh*t." Shortly thereafter, Plaintiff filed a grievance for discrimination based on Lopez's actions. In or around January 2020, Plaintiff received an "exceptional work performance evaluation meeting all expectations."

-1-

In or around December 2020, Plaintiff injured her back moving heavy inmate footlockers. On April 23, 2020, Plaintiff was informed that "there were no acts of discrimination found in her Complaint against Officer Lopez." On May 8, 2020, Plaintiff learned that she was being investigated for unspecified "work rule violations."

In November 2020, Plaintiff was "assaulted by an inmate who threw an unknown chemical at her." On February 14, 2021, Plaintiff "took stress leave from an inmate assault of sexual harassment." On March 12, 2021, Plaintiff filed a complaint with MIOSHA "for inmate assault and bloodborne pathogens not being addressed." On or about April 8, 2021, Plaintiff complained that she was "being harassed and discriminated against due to her gender and back injury."

In September 2021, Plaintiff was "involved in an incident with a co-worker, Myrkel Yore for intimidating and bullying her." In September 2021, Plaintiff filed a complaint against Yore "for harassment and hostile work environment for retaliation and co-workers wrote false statements that Plaintiff threatened someone." In October 2021, Yore "attempted to instigate a physical altercation with Plaintiff."

On or about December 14, 2021, Plaintiff underwent breast reduction surgery "to decrease her back pain." Plaintiff subsequently returned to work with restrictions of (1) no bending and (2) no lifting more than 10 pounds. In January 2022, the MDOC "approved Plaintiff's restrictions." Despite approving these restrictions, Plaintiff's supervisors "continued to demand she [perform] functions outside her restrictions." When Plaintiff complained about this circumstance, she was "threatened and told 'you'll

-2-

do whatever we tell you or you'll be fired.'" While performing duties beyond her restrictions, "a stitch broke in Plaintiff's breast" causing her to suffer a hematoma. Plaintiff filed a worker's compensation claim which was denied because "Defendant falsely accused her of injuring herself by falling out of a chair."

Plaintiff subsequently notified Sergeant Kerr that "she could not active post until she was off her medical restrictions." On March 4, 2022, Plaintiff was "told by inmates that other inmates were being solicited by Plaintiff's co-workers because she made complaints directly to Defendant without going through the union." The following day, Plaintiff "went on stress leave for fear of her safety at work."

As a result of the "harassment and discrimination Plaintiff received due to her sex and complaints of harassment[,] she was diagnosed with Post Traumatic Stress Disorder (PTSD)." In May 2022, Plaintiff requested an accommodation to work from home due to her PTSD. On or about June 8, 2022, Plaintiff's "accommodation was approved until September 2022."

In August 2022, Plaintiff was "suspended for 15 days in retaliation of her complaints of discrimination and harassment." On or about August 29, 2022, Plaintiff "filed a request for accommodation to continue to work from home due to PTSD." On September 15, 2022, Plaintiff "was terminated due to her disability and complaints of sex discrimination and harassment."

Plaintiff now asserts two claims against Defendant MDOC under Title VII of the Civil Rights Act of 1964: (1) "hostile work environment sexual harassment" and (2) retaliation. Defendant now moves to dismiss portions of Plaintiff's claims on the ground that such were not timely asserted. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **LEGAL STANDARD**

A motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of

-4-

the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## **ANALYSIS**

With respect to claims asserted under Title VII, there are two related timeliness considerations. First, a plaintiff must file a complaint with the EEOC within either 180 or 300 days "after the alleged unlawful employment practice occurred." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 104-05 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)). In Michigan, a plaintiff is afforded 300 days to file an EEOC complaint. *See Wright v. AutoZone Stores, Inc.*, 951 F.Supp.2d 973, 992 (W.D. Mich. 2013). A plaintiff must then initiate legal action within 90 days of receiving a right-to-

sue letter from the EEOC. *See Townsend v. Rockwell Automation, Inc.*, 852 Fed. Appx. 1011, 1014 (6th Cir., Apr. 27, 2021).

The present action is premised on an EEOC complaint Plaintiff filed on February 15, 2023. Plaintiff, however, filed two previous EEOC complaints regarding which she declined to initiate legal action after receiving a right-to-sue letter.

On February 11, 2021, Plaintiff filed an EEOC complaint against the MDOC alleging discrimination based on sex and retaliation. (ECF No. 13-2, PageID.100-01). Plaintiff also did not characterize the conduct giving rise to her complaint as a "continuing action." (*Id.*, PageID.100). The EEOC issued Plaintiff a right-to-sue letter on February 18, 2021. (ECF No. 13-3, PageID.103).

Plaintiff filed a second EEOC complaint against the MDOC in 2021. The date on which Plaintiff filed this second complaint is unclear. Plaintiff concedes that "[i]n 2021 she filed two Charges of Discrimination with the EEOC." (ECF No. 14, PageID.119). Defendant has not submitted a copy of this complaint but has submitted a copy of the right-to-sue letter Plaintiff was issued in response to this complaint. This right-to-sue letter was issued to Plaintiff on October 28, 2021. (PageID.13-4, PageID.105). It is not clear what charges Plaintiff asserted in this EEOC complaint. For present purposes, this absence of specificity must be interpreted in Plaintiff's favor.

Plaintiff filed a third EEOC complaint against the MDOC on February 15, 2023. (ECF No. 13-5, PageID.110-12). Plaintiff alleges that the EEOC issued a right-to-sue letter on March 8, 2023. (ECF No. 10, PageID.77). Assuming this is accurate, Plaintiff

filed the present action 84 days later on May 31, 2023. Defendant does not dispute the date on which Plaintiff claims she received the right-to-sue letter and is not arguing that Plaintiff failed to file the present action within 90 days after receiving the right-to-sue letter. Defendant argues that the claims encompassed by Plaintiff's first two EEOC complaints have been waived. Defendant further argues that, when adjudicating Plaintiff's claims, the Court can only consider conduct by Defendant occurring after April 21, 2022.

      A.    Plaintiff's 2021 EEOC Complaints

Once a party receives a right-to-sue letter from the EEOC she has 90 days to initiate legal action. Failure to bring suit within this 90-day window results in a waiver of the claims encompassed by the subject EEOC complaint and right-to-sue letter. *See, e.g., Lynn v. City of Lansing*, 2022 WL 19408552 at *3 (W.D. Mich., Mar. 24, 2022) (federal courts "have strictly enforced Title VII's ninety-day statutory limit"). Plaintiff does not dispute that she has waived the *claims* asserted in her two initial EEOC complaints. Accordingly, the undersigned recommends that to the extent Plaintiff is seeking to adjudicate the *claims* (i.e., the specific charges of discrimination) asserted in her 2021 EEOC complaints such be dismissed.

This recommendation, however, does not address the question whether the alleged unlawful acts that form the basis for these two EEOC complaints can be relied upon by Plaintiff when attempting to establish the discrimination claims asserted in her third

-7-

EEOC complaint, which form the basis for the claims presently asserted in this Court. This question is addressed immediately below.

B.  Plaintiff's 2023 EEOC Complaint

Plaintiff filed a third EEOC complaint on February 15, 2023, alleging discrimination based on retaliation, sex, and disability. (ECF No. 13-5, PageID.110-12). Plaintiff alleged that this was a "continuing action" and further alleged in the narrative section of her complaint that she "was subjected to a hostile work environment." (*Id.,* PageID.110). Plaintiff asserts in this Court claims for retaliation and hostile work environment. (ECF No. 10). The timeliness of these two claims is assessed under different standards.

With respect to retaliation claims, Defendant's "actions are considered 'discrete retaliatory or discriminatory acts'" and "each act constitutes a 'single occurrence even when it has a connection to other acts.'" *Davis v. Metro Parks and Recreation Department*, 854 Fed. Appx. 707, 713 (6th Cir., May 10, 2021) (quoting *Morgan*, 536 U.S. at 110-11). Because these discrete acts "must be judged individually," *Davis*, 854 Fed. Appx. at 713, "only incidents that took place within the timely filing period are actionable." *Morgan*, 536 U.S. at 114. Accordingly, regarding Plaintiff's retaliation claim, such can be adjudicated only by reference to alleged acts occurring no more than 300 days prior to the filing of her February 15, 2023 EEOC complaint. Stated differently, only acts occurring after April 21, 2022, can be considered actionable. *See Morgan*, 536 U.S. at 114-15 (noting that with respect to retaliation claims, conduct

-8-

occurring more than 300 days prior to the filing of the relevant EEOC charge "are untimely filed and no longer actionable").

Hostile work environment claims, however, "are different in kind from discrete acts [as] [t]heir very nature involves repeated conduct." *Morgan*, 536 U.S. at 115. The "unlawful employment practice therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." Hostile work environment claims, therefore, "are based on the cumulative effect of individual acts." *Ibid.* With respect to the timeliness of hostile work environment claims, the Supreme Court has observed that:

> The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile work environment may be considered by a court for the purposes of determining liability.

*Morgan*, 536 U.S. at 117.

Thus, so long as at least one act "contributing to" Plaintiff's hostile work environment claim occurred after April 21, 2022, Plaintiff's hostile work environment claim is considered timely filed and "the entire time period of the hostile work environment may be considered" when adjudicating the claim. Plaintiff identifies two acts occurring after April 21, 2022, which she alleges contributed to her hostile work

-9-

environment: (1) she was improperly suspended for 15 days in August 2022; and (2) her employment was terminated in September 2022.[1]

Defendant's argument that Plaintiff's hostile work environment claim can rely only on alleged acts occurring after April 21, 2022, is unpersuasive and unsupported by any authority Defendant has cited. It is also directly contrary to the holding in *Morgan* quoted above. Defendant essentially seeks to limit the scope of Plaintiff's hostile work environment claim on the ground that Plaintiff did not assert such in either of her two initial EEOC complaints. Defendant has failed, however, to articulate any argument or identify any authority supporting the argument that Plaintiff's hostile work environment claim is subject to limitation or dismissal because it was not asserted earlier. Again, so long as Plaintiff's hostile work environment claim is based on at least one act occurring after April 21, 2022, the claim is considered timely and the Court may consider "the entire time period of the hostile work environment" when adjudicating the claim. Defendant has failed to advance any argument establishing that Plaintiff's claim fails this requirement. Accordingly, Defendant's argument is rejected.

Finally, Plaintiff, in her response to the present motion, cites to the "continuing violations doctrine" as supporting her position that her hostile work environment claim was timely filed. Plaintiff's reliance on this doctrine, however, is inapposite. The continuing violations doctrine is an equitable doctrine that, where applicable, tolls the

---

[1] The Court expresses no opinion whether Plaintiff's allegations state a viable hostile work environment claim or whether any of the specific acts on which Plaintiff's claim rests are properly considered when assessing such claim.

relevant filing periods discussed herein and permits a court to consider claims that would otherwise be considered untimely filed. *See, e.g., Austion v. City of Clasrksville*, 244 Fed. Appx. 639, 647 (6th Cir., July 31, 2007). Because Defendant has not established that Plaintiff's hostile work environment was untimely filed, the continuing violations doctrine has no relevance. As such, the Court expresses no opinion whether the doctrine's requirements have been satisfied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Partial Motion to Dismiss (ECF No. 12) be granted in part and denied in part. Specifically, the undersigned recommends that to the extent Plaintiff is seeking to adjudicate the *claims* (i.e., the specific charges of discrimination) asserted in her 2021 EEOC complaints, such be dismissed. The undersigned further recommends that Plaintiff's retaliation claim is limited to consideration of acts occurring after April 21, 2022. The undersigned recommends that Defendant's motion otherwise be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: October 24, 2023 | /s/ Phillip J. Green  <br>PHILLIP J. GREEN  <br>United States Magistrate Judge |

-12-