UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| STACEY PANTOJA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:23-cv-563 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| MICHIGAN DEPARTMENT OF CORRECTIONS, | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Stacey Pantoja sued her former employer Defendant Michigan Department of Corrections. Defendant filed a partial motion to dismiss (ECF No. 12). The Magistrate Judge issued a report recommending the Court grant the motion in part and deny the motion in part (ECF No. 16). Defendant filed objections (ECF No. 17). The Court will adopt the report and recommendation.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

II.

Defendant contends that Plaintiff filed three different complaints with the EEOC: February 2021, March 2021, and February 2023. Defendant argues that any cause of action in this lawsuit that arises from events that occurred before April 21, 2023, are not timely. In the report and recommendation, the Magistrate Judge addressed two Title VII claims: "hostile work environment sexual harassment" and retaliation.

1. Retaliation:  The Magistrate Judge concludes that Plaintiff's retaliation claim "is limited to consideration of acts occurring after April 21, 2022" (R&R PageID.141). Defendant does not specifically object to this recommendation.

2. Hostile Work Environment Sexual harassment.  The Magistrate Judge concludes that Plaintiff's hostile work environment claim is timely because she pleads two acts that occurred after April 21, 2022, and therefore "'the entire time period of the hostile work environment may be considered' when adjudicating the claim" (*id.* PageID.139).

Defendant objects, finding inconsistency with the later statement in the R&R that "to the extent Plaintiff is seeking to adjudicate the *claims* (i.e., the specific charges of discrimination) asserted in her 2021 EEOC complaints, such be dismissed" (*id.* PageID.141). Defendant argues that all of Plaintiff's claims (including the hostile work environment claim) that arose prior to April 21, 2022, must be dismissed.

The Court overrules the objection.  The Court finds no inconsistency in the R&R. The report and recommendation provides a coherent explanation for why hostile work environment claims are different from discrete acts of discrimination and retaliation. The difference explains the reason why Plaintiff may not seek to adjudicate specific instances of

discrimination that occurred prior to April 21, 2022, but may seek to adjudicate a hostile work environment claim arising from a time period that precedes that date.  Furthermore, it is not clear to the Court that Plaintiff raised a hostile work environment claim in either 2021 EEOC complaint.

      For these reasons, the Court **ADOPTS** the report and recommendation (ECF No. 16).  The Court **GRANTS IN PART AND DENIES IN PART** Defendant's partial motion to dismiss (ECF No. 12).  **IT IS SO ORDERED.**

Date:   December 11, 2023                                    /s/  Paul L. Maloney
                                                                                    Paul L. Maloney
                                                            United States District Judge